Submitted on remand from the Oregon Supreme Court March 21, reversed and remanded July 27, 2011

## Dominika LUKA,
*Plaintiff-Appellant,*

*v.*

## TRI-COUNTY METROPOLITAN TRANSPORTATION DISTRICT OF OREGON,
a municipal corporation,
*Defendant-Respondent.*

Multnomah County Circuit Court
081115880; A141388

261 P3d 44

Elena E. Tsiprin and Law Offices of Elena E. Tsiprin for appellant.

Erik Van Hagen for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

DUNCAN, J.

## DUNCAN, J.

The issue in this case, which the Supreme Court remanded to us for reconsideration in light of *Bonds v. Farmers Ins. Co.*, 349 Or 152, 240 P3d 1086 (2010), is whether plaintiff "formally instituted arbitration proceedings" as required in order to toll the statute of limitations, ORS 742.504(12)(a),[1] on her uninsured motorist claim. In *Bonds*, the Supreme Court held that, "to 'formally institute' arbitration proceedings, an insured or an insurer must expressly communicate to the other party that the initiating party offers to arbitrate or otherwise commits to the arbitration process." *Bonds*, 349 Or at 162. Applying that holding, we conclude that plaintiff formally instituted arbitration proceedings by sending defendant a written request that her uninsured motorist claim be submitted to binding arbitration. Accordingly, we reverse the trial court's order, which denied plaintiff's petition to compel arbitration, and remand.

The relevant facts are as follows. Plaintiff claims to have been injured while riding a bus operated by defendant, Tri-County Metropolitan Transportation District of Oregon (Tri-Met), in an accident caused by an uninsured motorist on May 13, 2006. Three days after the accident, plaintiff filed a claim with Tri-Met, which provides uninsured motorist coverage to its riders. *See* ORS 278.215(2) (obligating self-insured public bodies to provide uninsured motorist coverage under ORS 742.500 to 742.504). Because the uninsured motorist coverage that Tri-Met provides to its riders is secondary to other coverage, Tri-Met responded to plaintiff's

---

[1] ORS 742.504(12)(a) provides:

"The parties to this coverage agree that no cause of action shall accrue to the insured under this coverage unless within two years from the date of the accident:

"(A) Agreement as to the amount due under the policy has been concluded;

"(B) The insured or the insurer has formally instituted arbitration proceedings;

"(C) The insured has filed an action against the insurer; or

"(D) Suit for bodily injury has been filed against the uninsured motorist and, within two years from the date of settlement or final judgment against the uninsured motorist, the insured has formally instituted arbitration proceedings or filed an action against the insurer."

claim by sending plaintiff two letters asking her to complete and return an affidavit attesting to her lack of insurance.

On May 12, 2008, the day before the two-year anniversary of the accident, plaintiff faxed Tri-Met a completed affidavit stating that she had no insurance. The fax cover page included the statement: "[P]lease let this correspondence serve as written notice of our request to have this matter submitted to binding arbitration in accordance with ORS 742.061."

In a letter dated July 22, 2008, Tri-Met informed plaintiff that her uninsured motorist claim was time barred by the applicable statute of limitations, ORS 742.504(12)(a), because she had not formally instituted arbitration within two years of the accident. In response, plaintiff filed a petition in the circuit court to compel arbitration.

Tri-Met opposed plaintiff's petition, arguing, *inter alia*, that plaintiff had not formally instituted arbitration as required to toll the statute of limitations. The circuit court agreed and denied plaintiff's petition to compel arbitration. Plaintiff appealed, and we affirmed in a per curiam decision citing our decision in *Bonds v. Farmers Ins. Co.*, 227 Or App 185, 205 P3d 45 (2009), *aff'd on other grounds*, 349 Or 152, 240 P3d 1086 (2010). *Luka v. Tri-Met*, 236 Or App 237, 234 P3d 1097 (2010).

In our decision in *Bonds*, we held that, to formally institute arbitration proceedings, a party had to institute arbitration in the manner required by the Uniform Arbitration Act, specifically ORS 36.635(1).[2] 227 Or App at 191. Thus, we held that a party had to send—either in an agreed-upon manner or by certified mail or service akin to a summons—a notice to the other party that described the nature of the controversy and the remedy sought. *Id.* On review, the Supreme Court held otherwise, explaining that, in ORS

_____

[2] ORS 36.635(1) provides:

"A person initiates an arbitration proceeding by giving notice in a record to the other parties to the agreement to arbitrate in the agreed manner between the parties or, in the absence of agreement, by certified mail, return receipt requested and obtained, or by service as authorized for summons under ORCP 7 D. The notice must describe the nature of the controversy and the remedy sought."

742.504(12)(a)(B), "the legislature used the words 'formally institute' arbitration proceedings to require that a party 'expressly begin' those proceedings." *Bonds*, 349 Or at 162. The court further explained:

> "To take the action necessary to satisfy ORS 742.504(12)(a)(B), an insured or insurer expressly must communicate to the other party that the initiating party is beginning the process of arbitrating the dispute. The first step in that process is the party's offer to utilize the arbitration process. Thus, to 'formally institute' arbitration proceedings, an insured or insurer must expressly communicate to the other party that the initiating party offers to arbitrate or otherwise commits to the arbitration process."

*Id.* According to the court, an "obvious and express" communication of an intent to arbitrate satisfies ORS 742.504(12)(a)(B), "such as occurs when a party sets forth, either in one document or in multiple documents that are part of a single message, a notice, offer, or demand for arbitration." *Bonds*, 349 Or at 162-63.

As described, in this case, plaintiff sent a fax to Tri-Met, and the fax cover sheet stated, "[P]lease let this correspondence serve as written notice of our request to have this matter submitted to binding arbitration in accordance with ORS 742.061." That statement is an express communication of plaintiff's willingness to commit to the arbitration process. Thus, under the Supreme Court's decision in *Bonds*, plaintiff formally instituted arbitration proceedings. Plaintiff sent the fax on May 12, 2008, which was within two years of the May 13, 2006, accident. Therefore, plaintiff's uninsured motorist claim was not time barred by ORS 742.504(12)(a)(B).

Reversed and remanded.